IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff

V.                                           CASE NO.: 2:18-cr-18-KS-MTP-3

HOPE EVANGULANE THOMLEY,
HOWARD RANDALL THOMLEY,
GLENN DOYLE BEACH, JR., and
GREGORY GRAFTON PARKER,
Defendants

**EMERGENCY MOTION TO COMPEL ACCESS TO
ELECTRONICALLY STORED RECORDS AND/OR DOCUMENTS**

NOW COMES the Separate Defendant, Glenn Doyle Beach, Jr., through counsel, and respectfully moves this Honorable Court to immediately order the United States Attorney to produce the electronic documents saved on compact disks (approximately 112) currently in the possession of the Federal Bureau of Investigation ("FBI") relative to its investigation into Advantage Pharmacy, LLC, Advantage Medical Infusion, LLC, and Defendant Beach, which are currently being held at the FBI's field office in Hattiesburg, Mississippi and which are more particularly described in the attached Affidavit of Arthur F. Jernigan, Jr., and further moves this Court to order that these compact disks (CDs), as described above and in further detail in the attached Affidavit, be copied and delivered to the office of the undersigned for examination. Defendant Beach would further request the Court's expedited consideration on this Motion. In support thereof, counsel states as follows:

1. Under the Court's Order Regarding Discovery, the United States Attorney has been ordered to make available to all Defendants:

> any evidence described in Fed.R.Crim.P. Rule 16(a)(1), which the United States Attorney intends to offer in evidence during its case in chief or as otherwise

> provided in Rule 16, and all information accumulated during investigation of this matter which constitutes <u>Brady</u> exculpatory material as soon as possible or as soon as discovered…

*See* [18], at ¶ 1(a). Accordingly, the U.S. Attorney is under a duty to provide all evidence it intends to offer in evidence during its case in chief by July 25, 2018, and all other information constituting *Brady* exculpatory material, with one exception[1], "*as soon as possible or as soon as discovered.*" *See* [18], at ¶ 1(a) (emphasis added).

      2.     The undersigned has been informed by Agent Nate Songer of the FBI that there are 498 boxes containing documents obtained during the Government's investigation of Advantage Pharmacy, LLC, Advantage Medical Infusion, LLC, and Defendant Beach. *See* Affidavit of Arthur F. Jernigan, Jr., (unsigned but to be executed, supplemented and substituted directly) attached hereto as **Exhibit A**, at ¶ 3-4. Agent Songer further informed the undersigned that all of the documents contained within the 498 file boxes had been electronically copied to CDs. *See* **Exhibit A**, at ¶ 4. According to Agent Songer, the documents had been scanned in their entirety, including all sticky notes and other notations contained within the investigative file, in addition to the prescriptions filled by Advantage Pharmacy and Advantage Medical Infusion. *See id.*

      3.     Agent Songer showed the undersigned a three-ring binder containing all of the CDs with investigative documents and indicated that: (i) the CDs were prepared by a company called "Doc Labs" located in Hattiesburg, Mississippi, and (ii) the CDs could be copied by Doc Labs in one (1) days' time. *See* **Exhibit A**, at ¶ 5. An additional FBI agent, whose name is, upon information and belief, Michael Stults, was present, heard and observed these conversations between Agent Songer and the undersigned.

---

[1] The Court's Order Regarding Discovery excepts the production of the entirety of statements of witnesses containing possible Brady material, as defined by 18 U.S.C.A. §3500, until such time as the U.S. Attorney produces Rule 26.2 and Section 3500(e) statements to Defendants. *See* [18], at ¶ 1(a).

4.      Upon further, subsequent review of said three-ring binder by counsel for Defendant Beach, there are fourteen (14) pages of CDs containing four (4) CDs on both the front and back of each page.  Thus, there are approximately 112 CDs containing documents acquired by the FBI during its investigation of Advantage Pharmacy, Advantage Medical Infusion, and Defendant Beach.

5.      The undersigned was also informed by Agent Songer that the U.S. Attorney's Office ("USAO") is in possession of a copy of the subject CDs.  *See* **Exhibit A**, at ¶ 7.

6.      Accordingly, counsel for Defendant Beach consulted with the USAO via teleconference on July 9, 2018.  During said conference, counsel for Defendant Beach requested a copy of the CDs in order to be able to fully prepare for the current trial setting of August 20, 2018.  The USAO denied said request and represented that said CDs would not be made available to Defendant Beach until July 25, 2018, less than a month prior to the current trial date.

7.      These CDs, and the information contained therein/thereon, may be material to the preparation of the defense and this request is reasonable.  Defendant Beach is not requesting that the Government produce its case in chief, only the information and/or documents contained on the aforementioned CDs currently in the possession of the FBI and USAO.

8.      The USAO stated that the hard copy documents would still be available for the Defendant to have access to, but the USAO would not allow for the simple duplication of the CDs.  For Defendant to have access to the hard copy documents, counsel for the Defendant and or Defendant have to travel to the Hattiesburg office of the Federal Bureau of Investigation (FBI) and with an FBI agent present at all times review the records.   This can only be accomplished on weekdays and during work hours.

9.      The undersigned offered to have the CDs copied at expense of Defendant and to

distribute the copies to the other counsel for the three other Defendants, again at the cost of Defendant. With the trial date of August 20, 2108, two work weeks and weekends of unfettered access to the CDs which are searchable would be invaluable to the Defendant to catch up on the voluminous documents in the Government's possession. More importantly, there is no harm or prejudice to the Government. In fact, it will benefit the Government, in that an FBI agent will not be utilized to sit in the room while documents are reviewed, there will be no need for the use of copiers or paper to make duplications and the Government will not have to pay for the duplication of the 112 CDs.

10. To prepare this case for trial, the Defendant must have access to these records. The Government, having sole and exclusive access to these records, is using them for the purpose of preparing this case for trial. The defense likewise needs to have access to these records, so that counsel for Defendant Beach can do everything it can to develop a proper, competent defense, to which Defendant Beach is entitled under the United States Constitution. Moreover, with the CDs, the defense can search the records it is seeking, rather than telegraph to the FBI agent in the room as to what documents it is looking for by requesting the banker boxes associated with the original documents.

11. Most, if not all, of these records have been in the possession of the Government for at least two and one-half years. During this period of time, the Government has had ample time to examine them, to study them and to analyze them. There is no legitimate reason to keep them in the further control of the Government, except to prejudice Defendant Beach's ability to develop his defense for trial. The Government will suffer no prejudice by producing CDs with records it has been in possession of for at least two and a half years and will be forced to produce in two weeks' time regardless.

WHEREFORE, Defendant, Glenn Doyle Beach, Jr., asks that the Court give expedited consideration to this motion and that the relief requested in this motion be granted and that the records described be immediately delivered to the defense for examination. An examination of these records under any other circumstances would prevent the exercise of the attorney-client privilege and thus would deny the Defendant the right to effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States and the due process of law assured by the Fifth Amendment to the United States Constitution.

        **GLENN DOYLE BEACH, JR.**

        */s/ Arthur F. Jernigan, Jr.*
        Arthur F. Jernigan, Jr. (MSB #3092)
        JERNIGAN COPELAND ATTORNEYS, PLLC
        587 Highland Colony Parkway (39157)
        Post Office Box 2598
        Ridgeland, MS 39158-2598
        Phone: (601) 427-0048
        Fax:   (601) 427-0051
        Email: ajernigan@jcalawfirm.com

## **CERTIFICATE OF SERVICE**

I, Arthur F. Jernigan, Jr., attorney for Defendant Glenn Doyle Beach, Jr., do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served on all counsel of record.

**SO CERTIFIED,** this the 10th day of July, 2018.

> */s/ Arthur F. Jernigan, Jr.*
> Arthur F. Jernigan, Jr.

## **CERTIFICATE OF CONFERENCE**

On July 9, 2018, I conferred with Katherine Payerle and Mary Helen Wall, each serving as co-counsel for the United States of America, in a good faith attempt to resolve this matter without court intervention.  However, said good faith attempt was unsuccessful, and the parties could not come to an agreement.

This, the 10th day of July, 2018.

*/s/ Arthur F. Jernigan, Jr.*
Arthur F. Jernigan, Jr.
