IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff

V.                                                     Case No. 2:18-cr-18-KS-MTP-3

GLENN DOYLE BEACH, JR.,
Defendants

**REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO COMPEL ACCESS TO ELECTRONICALLY STORED RECORDS AND/OR DOCUMENTS**

The undersigned is truly at a loss for words as to the Opposition filed by the Government [65] and the facts represented therein. The FBI case agent, or the "Custodial Agent," made clear to the undersigned that the compact disks were an extra set and could easily be duplicated within twenty four hours using a local company capable of reproducing the disks.

The undersigned again refers the Court to his Affidavit which shows to the Court that the Government continues to omit accurate facts. During the telephone conference with counsel on July 9th, counsel for the Government refused to agree to go ahead and duplicate the compact disks, but she did so, in part, because she was providing access to the hard copy documents at the FBI's local office in Hattiesburg, Monday through Friday, for the two and half weeks leading up to the Government's required production under Rule 16(a)(1), which is the evidence the United States Attorney intends to offer into evidence in its case in chief. As such, the undersigned and Defendant had planned to be at the FBI's Hattiesburg office for the remainder of the week to review the hard copy documents, since the Government refused to duplicate the compact disks. The local FBI case agent had already been made aware that the undersigned was going to be at the FBI office on July 10th and 11th reviewing documents.

Prior to departing from the FBI office on the July 10th, the undersigned inquired into what

time the case agent would be at the office on Wednesday, Thursday and Friday. As explained in the Supplemental Filing [60], the undersigned first learned that there would not be access to the hard copies on Thursday and Friday, as the case agent would not be there and nobody else would be there in his stead. The undersigned did file the Emergency Motion on the evening of the 10th, after learning that the Government refused to cooperate and provide duplication of the compact disks at the cost of the Defendant and that the promise of access to the hard documents for the week was not going to be provided either. The undersigned looked at the Court's Order Regarding Discovery [18], and it clearly defines Rule 16 disclosures by July 25, 2018, but also states:

> …and *all information accumulated during investigation of this matter* which *constitutes <u>Brady</u> exculpatory* material **as soon as possible** or as soon as discovered (with the exception that the United States Attorney is not required to produce the entire statement(s) of witnesses containing possible Brady material as defined by Section 3500, Title 18, United States Code, until such time as the United States Attorney produces Rule 26.2 and Section 3500(e) statements to defendant).

*See* [18], at §1(a) (emphasis added). Knowing the Government had the disks which contained the documents from the raid in January 2016, and knowing the compact disks can be duplicated at Defendant's cost within twenty four hours, the Emergency Motion to Compel was filed.

The subsequent response by the Government is unfortunately what is expected in today's system. The Government conveniently discusses in its opposition, the email exchange that defense counsel had with Government counsel about there being no FBI Agents at the office at 8:30 a.m. on July 11, 2018, but of course avoids addressing the obvious denial by Government counsel to the hard copy records. As the Court can read from the email attached to Defendant's Supplement to the Emergency Motion [60-1], the entirety of which is attached hereto as **Exhibit "1"**, the Government's counsel denied access to even the hard records, and thus suspended access

to the hard copy of the information accumulated during the investigation in this matter, because undersigned placed the issue before the Court. Simply stated, because counsel for a Defendant asked the Court to make available copies of compact disks, containing documents accumulated in the investigation, the duplication of which the Defendant offered to pay on his own, the Government counsel denied access to the investigative documents all together, just forty (40) days prior to trial.

The undersigned has found *Brady* material in the investigative document files (498 banker boxes) and was finding productive documents for preparation of the trial, but yet the Government shut down all access, because the undersigned sought Court intervention.

The undersigned is simply asking for access to the approximately 112 compact disks for twenty four hours, so that the compact disks can be duplicated and then reviewed as quickly as possible. These records are not Rule 16 records, but rather substantially all of the records and information taken from the offices of Advantage Pharmacy during the FBI Raid in January, 2016. Having reviewed a few of the boxes, Counsel for Defendant now knows that it will be necessary to review everything seized from Advantage Pharmacy, and the most efficient way to do so is to have the existing disks copied as soon as possible as stated in the Discovery Order from June 25, 2018. *See* [18], at § 1(a). Since the Government has chosen to deny access to the hard documents and wasted a week or more of preparation, the common sense resolution is to allow access to the compact disks at the cost of the duplication taxed to the Defendant.

1. Discovery and inspection is granted to the following extent:

    (a) The United States Attorney shall make available to defendant within thirty (30) days of this Order any evidence described in Fed.R.Crim.P. Rule 16(a)(l), which the United States Attorney intends to offer in evidence during its case in

> chief or as otherwise provided in Rule 16, and all information accumulated during investigation of this matter which constitutes <u>Brady</u> exculpatory material as soon as possible or as soon as discovered (with the exception that the United States Attorney is not required to produce the entire statement(s) of witnesses containing possible <u>Brady</u> material as defined by Section 3500, Title 18, United States Code, until such time as the United States Attorney produces Rule 26.2 and Section 3500(e) statements to defendant);

*See* [18], at § 1(a), a copy of which is attached hereto for the Court's convenience as **Exhibit "2"**.

WHEREFORE, Defendant, Glenn Doyle Beach, Jr., asks that the Court give expedited consideration to his Emergency Motion, and any and all supplements and amendments thereto, and that the relief requested be granted and that the compact disks described herein be immediately made available to the Defendant's counsel at the cost of the duplication taxed to the Defendant.

This, the 16th day of July, 2018.

**GLENN DOYLE BEACH, JR.**

*/s/ Arthur F. Jernigan, Jr.*
Arthur F. Jernigan, Jr. (MSB #3092)
JERNIGAN COPELAND ATTORNEYS, PLLC
587 Highland Colony Parkway (39157)
Post Office Box 2598
Ridgeland, MS 39158-2598
Phone: (601) 427-0048
Fax:    (601) 427-0051
Email: ajernigan@jcalawfirm.com

Brian E. Dickerson, Esq.
***Admitted Pro Hac Vice***
FISHERBROYLES, LLP
2390 Tamiami Trail North
Suite 100
Naples, Florida 34103
Phone: (202) 570-0248
Fax:    (239) 236-1360
Email: brian.dickerson@fisherbroyles.com

*Counsel for Defendant Glenn Doyle Beach, Jr.*

## CERTIFICATE OF SERVICE

I, Arthur F. Jernigan, Jr., attorney for Defendant Glenn Doyle Beach, Jr., do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served on all counsel of record.

**SO CERTIFIED,** this the 16th day of July, 2018.

>  */s/ Arthur F. Jernigan, Jr.*
> Arthur F. Jernigan, Jr.