IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff

V.                                                    CASE NO.: 2:18-cr-18-KS-MTP-3

HOPE EVANGULANE THOMLEY,
HOWARD RANDALL THOMLEY,
GLENN DOYLE BEACH, JR., and
GREGORY GRAFTON PARKER,
Defendants

## MOTION FOR RECONSIDERATION

NOW COMES the Separate Defendant, Glenn Doyle Beach, Jr., through counsel, and respectfully moves this Honorable Court to reconsider its Order [131] granting Christian Brooke Braley and Lehman J. Braley's Objection and Motion to Quash [123] Defendant Beach's Subpoena to Cellular South, Inc. [111]. In support thereof, counsel states as follows:

1. On September 19, 2018, Defendant Beach had a Subpoena duces tecum issued to Cellular South, Inc., seeking documents related to cellular telephone numbers registered to and/or associated with Christian Brooke Braley. [111] and [117]. On October 3, 2018, Christian Brooke and Lehman J. Braley filed an Objection and Motion [123] to quash or, in the alternative, modify the Subpoena. On October 18, 2018, the Court issued an Order granting the Braleys' Motion. [131].

2. The Fifth Circuit recognizes that, although there is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration," its use has been "repeatedly and expressly sanctioned" by the Supreme Court. *U.S. v. Presley*, 2013 WL 1980388, at *2 (S.D. Miss. May 13, 2013) (citations omitted). "Motions to reconsider in criminal cases are treated like motions to reconsider in civil suits." *Id.* (citations omitted).

3. Rule 60(b) of the Federal Rules of Civil Procedure provides, in part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60(b)(1).

4. Defendant Beach's counsel would submit that a response to Braley's Objection and Motion to Quash [123] was not filed pursuant to L.U. Crim. R. 47(C)(1) as a result of inadvertence and/or excusable neglect. This was an oversight by counsel for which Defendant Beach should not be punished and for which Defendant Beach should be relieved from the Court's Order.

5. As stated in the Court's Order [131], the Subpoena at issue [111] seeks documents relating to cellular phone numbers registered to Christian and Lehman Braley. Defendant Beach believes these documents may contain exculpatory evidence which could be vital to his defense of the charges within the Indictment [3]. Refusal to allow Defendant Beach to obtain these documents from Cellular South may result in undue prejudice to his defense.

6. As provided by the Court, to gain access to materials under Fed. R. Crim. P. 17, Defendant Beach must show "(1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." [131] (quoting *U.S. v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992)). As stated in the paragraph above, the subpoenaed documents are relevant as they may provide exculpatory evidence as to Defendant Beach's defense. Further, the documents may be admissible under F.R.E. 803(6), 803(7), 901 and/or 902. Finally, the documents have been requested with adequate specificity, and the Subpoena is reasonably limited in both time and scope. *See* [111], at 3-4. Accordingly, Defendant Beach has made the required showing to gain access to documents under Fed. R. Crim. P. 17, and he prays that the Court reconsider its Order [131].

7. If the Court is not convinced as to the relevancy and/or admissibility of the

documents sought and to abate the Braleys' privacy concerns, Defendant Beach would not oppose and, in fact, would request that the Court allow the documents to be disclosed under seal and/or protective order until the documents may be reviewed and a determination can be made as to the relevancy and/or admissibility of said documents pursuant to L.U. Crim. R. 49.1 and L.U. Civ. R. 79.[1]

For the foregoing reasons, Defendant Glenn Doyle Beach, Jr., respectfully requests that this Honorable Court reconsider its Order [131] granting Christian Brooke Braley and Lehman J. Braley's Objection and Motion to Quash [123] Defendant Beach's Subpoena to Cellular South, Inc. [111] and allow Cellular South, Inc. to produce the documents sought thereby.

Respectfully submitted, this the 19th day of October, 2018.

**GLENN DOYLE BEACH, JR.**

*/s/ Arthur F. Jernigan, Jr.*
Arthur F. Jernigan, Jr. (MSB #3092)
JERNIGAN COPELAND ATTORNEYS, PLLC
587 Highland Colony Parkway (39157)
Post Office Box 2598
Ridgeland, MS 39158-2598
Phone: (601) 427-0048
Fax:    (601) 427-0051
Email: ajernigan@jcalawfirm.com

Brian E. Dickerson, Esq.
***Admitted Pro Hac Vice***
FISHERBROYLES, LLP
2390 Tamiami Trail North
Suite 100
Naples, Florida 34103
Phone: (202) 570-0248
Fax:    (239) 236-1360
Email: brian.dickerson@fisherbroyles.com

*Counsel for Defendant Glenn Doyle Beach, Jr.*

---

[1] L.U. Crim. R. 49.1 provides, in part, as follows:
   The process for sealing court records shall be governed by Rule 79 of *The Uniform Local Civil Rules of the Northern and Southern Districts of Mississippi*.

## CERTIFICATE OF SERVICE

I, Arthur F. Jernigan, Jr., attorney for Defendant Glenn Doyle Beach, Jr., do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served on all counsel of record.

**SO CERTIFIED,** this the 19th day of October, 2018.

                                                    */s/ Arthur F. Jernigan, Jr.*
                                                  Arthur F. Jernigan, Jr.

## CERTIFICATE OF CONFERENCE

On _____, I conferred with _____, each serving as co-counsel for the United States of America, in a good faith attempt to resolve this matter without court intervention. However, said good faith attempt was unsuccessful, and the parties could not come to an agreement.

This, the 27th day of July, 2018.

*/s/*_____
Arthur F. Jernigan, Jr.
