**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                            **CRIMINAL NO. 2:18-cr-18-KS-MTP-3**

**GLENN DOYLE BEACH, JR.**

**ORDER**

THIS MATTER is before the Court on Defendant Glenn Doyle Beach, Jr.'s Motion for Reconsideration [132]. Having considered the Motion, the Court finds that it should be denied.

On September 19, 2018, Defendant had a subpoena issued to a nonparty, Cellular South Inc., seeking documents relating to cellular phone numbers registered to nonparties, Christian and Lehman Braley. *See* Subpoena [111] at 3-4; Return [117].[1] On October 3, 2018, the Braleys filed a Motion to Quash [123], requesting that the Court quash or, in the alternative, modify the subpoena. Defendant did not respond to the Motion [123] or file a notice that he did not intend to respond. Accordingly, on October 18, 2018, the Court granted the Motion [123] as unopposed pursuant to L.U. Crim. R. 47(C)(1).[2] *See* Order [131].

The next day, Defendant filed the instant Motion [132], requesting that the Court reconsider its Order [131] and require Cellular South to produce the documents sought by the subpoena. Defendant argues that his failure to file a response to the Motion to Quash was an oversight by counsel. Additionally, Defendant argues that he could be unduly prejudiced if the

---

[1] Defendant did not seek or obtain leave of Court to issue the subpoena.

[2] "For any motion other than a dispositive motion or a motion for post-conviction relief, the court may grant the motion as unopposed if a party fails to respond or provide notice of its intent not to respond within the time allotted." L.U. Crim. R. 47(C)(1).

1

Court does not reconsider its Order. According to Defendant, the information sought by the subpoena may contain exculpatory evidence which could be vital to his defense.

"Motions to reconsider in criminal cases are treated like motions to reconsider in civil suits." *United States v. Presley*, 2013 WL 1980388, at *2 (S.D. Miss. May 13, 2013). Motions for reconsideration are generally analyzed under the standard for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n2 (5th Cir. 2012). Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed within twenty-eight days of judgment. *Id*. Here, Defendant filed his Motion for Reconsideration the day after the Court entered its Order. Therefore, it should be considered under Rule 59(e).[3]

A motion to alter a ruling under 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (internal quotations and citations omitted). This Court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353, 355 (5th Cir. 1993). "The granting of a Rule 59(e) motion is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007) (internal quotations and citation omitted).

The arguments raised by Defendant could and should have been advanced in response to the Motion to Quash [123]. Defendant argues that he should not be punished for his counsel's

---

[3] In his Motion, Defendant requests that the Court reconsider its Order under Rule 60(b). Rule 60(b), however, has a "more onerous" standard than Rule 59(e). Thus, the Court will consider the Motion pursuant to Rule 59(e)'s "less stringent" standard. *Gonzalez v. State Fair of Texas*, 235 F.3d 1339, 2000 WL 1672678, at *1-2 n1, n2 (5th Cir. Oct. 13, 2000).

failure to file a response to the Motion to Quash. However, "the nature of representation is that, as a general rule, the conduct of attorneys is imputed to clients." *Campbell v. Griffin*, 265 Fed. App'x 269, 271 n.3 (5th Cir. 2008); *see also Gonzalez v. State Fair of Texas, Inc.*, 2000 WL 326165, at *3 (N.D. Tex. Mar. 24, 2000) ("[Counsel] has offered no valid reasons for failing to respond or to request a timely extension of the response date. The errors that occurred here are not even sufficient to rise to a level of excusable neglect. Instead they are more akin to inadvertence, which is insufficient to warrant relief."); *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D. Miss. 2000) ("Neglect in defending against [a] motion for summary judgment is not a proper use for a motion for reconsideration under Rule 59(e)."). Thus, the Motion for Reconsideration could be denied for Defendant's failure to previously raise these issues.

More importantly, however, Defendant has failed to present any newly discovered facts or convince the Court that there has been a manifest error of law. Fed. R. Crim. P. 17(c) governs the issuance of subpoenas *duces tecum* in criminal cases. "Although rule 17 extends to material not subject to rule 16 discovery, it is not intended to provide an additional means of discovery." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992). To gain access to materials under Rule 17, Defendant must show "(1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *Id.* Defendant has failed to make this showing.

The subpoena at issue seeks any and all records—including all call logs and all text message exchanges—from Christian and Lehman Braley's phones since January 1, 2015. Defendant argues that this information "may contain exculpatory evidence," which "may be admissible under F.R.E. 803(6), 803(7), 901, and/or 902."

3

Despite Defendant's conclusory assertions, the subpoena does not contain a specific request and Defendant has not demonstrated that the requested information is relevant or admissible. Instead, Defendant invites the Court to speculate as to the nature of the content of years' worth of phone records and the relevance of such information. Defendant's sweeping request is an attempt to use a Rule 17 subpoena as a "discovery device, which it is not." *United States v. Nixon*, 777 F.2d 958, 969 (5th Cir. 1985); *see also United States v. Hernandez*, 2012 WL 6213263 (N.D. Tex. Dec. 13, 2012) ("Because Defendant has failed to establish with sufficient specificity the evidentiary nature of the requested materials and their admissibility as evidence, the court will deny Defendant's Request for Production of Inmate Telephone Calls of Cooperating Coconspirators Pursuant to Rule 17(c)."); *United States v. Bermingham* 2007 WL 1052600, at *7 (S.D. Tex. Apr. 5, 2007) ("This comprehensive request for *all* documents, records, minutes, or whatever else, is made without any showing that they or any of them are relevant, or that they of any of them would be admissible in evidence. It is simply a broad discovery request such as may be used, or at least attempted, in civil case discovery.").

IT IS, THEREFORE, ORDERED that Defendant's Motion for Reconsideration [132] is DENIED.

SO ORDERED this the 5th day of November, 2018.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE