IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                    **CRIMINAL NO. 2:18-cr-18-KS-MTP-3**

**GLENN DOYLE BEACH, JR.**

## ORDER

THIS MATTER is before the Court on Defendant Glenn Doyle Beach, Jr.'s Motion to Compel *Brady* Material [156]. Having considered the parties' submissions and the applicable law, the Court finds that the Motion should be denied.

## BACKGROUND

In this criminal action, Defendants are accused, *inter alia*, of conspiring to and engaging in a scheme to defraud health care insurance companies of millions of dollars by formulating, marketing, prescribing, and billing for fraudulent compounded medications. Defendants are also accused of conspiring to and engaging in a scheme to pay and receive kickbacks and bribes in promotion of their scheme, and of conspiring to and engaging in a scheme to launder the fraudulently obtained proceed of their crimes.

On January 21, 2016, the Government seized a large volume of electronic and hard copy materials from Advantage Pharmacy, LLC and Advantage Medical Infusion. The Government copied the seized information and returned it to Defendants in February of 2016. *See* [162] at 5; [176] at 2; [181] at 7. On July 25, 2018, following the indictment,[1] the Government produced to Defendant materials that included more than 1.7 million pages of documents or images. *See*

---

[1] Defendant was indicted on May 15, 2018, and the Discovery Order [18] was entered on June 2, 2018.

1

[156] at 13 n.5.² On November 26, 2018, Defendant Beach filed his Motion to Compel [156], complaining that the Government's production was a "document dump" and that the Government did not specifically identify any *Brady*³ or impeachment material.

Citing *United States v. Skilling*, Defendant argues that, by producing a voluminous "open file" without specifically identifying *Brady* material, the Government has failed to satisfy its *Brady* obligations. 554 F.3d 529 (5th Cir. 2009), *aff'd in part, rev'd in part on other grounds*, 561 U.S. 358 (2010).  Defendant also argues that the Government's unreasonable delay in commencing its filter review and producing the subject material exacerbates the Government's violation of its *Brady* obligation.  Additionally, Defendant asserts that the Government attempted to shield from discovery an exculpatory email authored by a government witness.  Defendant argues that this act by the Government calls into question the integrity of its production. Defendant requests that the Court compel the Government to immediately produce all exculpatory and impeachment evidence in the Government's possession.

## ANALYSIS

Relying on *Skilling*, Defendant argues that the Government's voluminous production does not meet the requirements of *Brady*.  Similar to Defendant Beach, the defendant in *Skilling* argued that the Government's open file, which consisted of several hundred million pages, along with the Government's failure to direct him to *Brady* materials, constituted the suppression of evidence in violation of *Brady*. *Id.* at 576.  The Court of Appeals for the Fifth Circuit noted that "[a]s a general rule, the government is under no duty to direct a defendant to exculpatory

---

² A majority of the Government's production came from the information which was seized in January of 2016 and returned in February of 2016.

³ *Brady v. Maryland*, 373 U.S. 83 (1963).

evidence within a larger mass of disclosed evidence." *Id*.  The court also noted that a *Brady* violation will not be found where potentially exculpatory information is available to the defendant through the exercise of due diligence.

Addressing Skilling's argument, the court stated that "[t]here is little case law on whether a voluminous open file can itself violate *Brady*, and the outcomes of these cases seem to turn on what the government does in addition to allowing access to a voluminous open file." *Id*. at 577. The court did not "hold that the use of a voluminous open file can never violate Brady." *Id*.  The court, however, held that in Skilling's case, there had been no *Brady* violation because the Government "did much more than drop several hundred million pages on Skilling's doorstep." *Id*.  The court discussed the Government's actions as follows:

> The open file was electronic and searchable.  The government produced a set of "hot documents" that it thought were important to its case or were potentially relevant to Skilling's defense.  The government created indices to these and other documents.  The government also provided Skilling with access to various databases concerning prior Enron litigation.

*Id*.

In this action, the Government has taken steps—many of which are of the type cited with approval in *Skilling*—to facilitate Defendant's review of the evidence.[4]  After consulting with the Defendants, the Government produced its discovery in a format compatible with the Defendant's database software, allowing the production to be searched and filtered.[5]  The Government points

---

[4] On December 4, 2018, the District Judge conducted a hearing with the parties, during which the Government discussed the efforts undertaken to provide discovery in this action.  At the Court's direction, the Government filed the slides used during its presentation at the hearing. *See* Exhibit [181].

[5] As an example of the capabilities afforded Defendant, the Government points out that Defendant may focus on emails alone and can filter the emails based on sender, recipient, date, subject line, or keyword search in the text.

out that it did not simply produce documents collected in electronic form in this format, but also scanned 171 boxes of hard copy documents, made each document text-searchable, and labeled each document with its corresponding box and file folder.

The Government also indexed its production, using a searchable and filterable index. Additionally, the Government transcribed recordings of conversations between Defendants and individuals working with the government and produced the transcripts in text-searchable format. Defendant also received a text-searchable document indexing the files found on certain cell phones.

Defendant, however, argues that the integrity of the Government's production is in doubt because the Government failed to produce an email authored by a government witness in an attempt to shield material that may be exculpatory. Included in the Government's production of July 25, 2018, was a memorandum regarding an interview of Jason May, a pharmacist at Advantage Pharmacy who testified at a previous trial. The memorandum states as follows:

> In a prior email sent by MAY on 11/23/16 (see Attachment A), MAY stated that he did 'not think for a moment that either Hope nor Doyle believed that it was wrong to pay commissions on Tricare claims.' When specifically asked about this, MAY responded that he felt that way at the time; however, now that he knows more about THOMLEY and BEACH, he believes that THOMLEY and BEACH were aware that a bunch of the things they were doing at ADVANTAGE were illegal.

*See* [176] at 9.

The Government's production did not include "Attachment A," the May email. On October 4, 2018, Defendant asked the Government about the whereabouts of Attachment A. *See* [156-2] at 1-2. The next day, the Government produced the May email. *See* [156-2] at 1. On October 17, 2018, Defendant complained that portions of the email chain had been redacted. *See* [156-3] at 3. A federal agent's contact information and his question to May, along with the transmission email sending May's response to the agent, had been redacted. No portion of

4

May's email was redacted. On October 30, 2018, the Government provided an unredacted copy of the email chain. *See* [156-3] at 1.[6]

Given that the Government produced a document which referenced May's email and quoted its most pertinent part, the record does not support Defendant's argument that the Government was attempting to suppress the email. Indeed, the record does not even hint at such deceit, nor does it suggest that the Government has omitted other discoverable information or hid discoverable information in its production with the hope that Defendant would not find it.

Moreover, Defendant fails to demonstrate why the apparent inadvertent omission of an email requires the Government to scour the documents already produced in an attempt to find information which Defendant might find to be exculpatory. In a complex matter, such as this one, reasonable minds may differ on what information is exculpatory. Defendant is far better positioned to determine what records might best support his defense and case theories.

The Court finds that the alleged delay in production does not justify requiring the Government to "point the defense to specific documents within a larger mass of material that it has already turned over." *See United States v. Mhamat*, 106 F.3d 89, 94 (5th Cir. 1997). Defendant received the initial production on July 25, 2018, and this action is not set for trial until March 19, 2019.[7] The Government is in no better position to locate potentially exculpatory evidence than Defendant, and the Government should not be required to "sift fastidiously through the evidence . . . in an attempt to locate anything favorable to the defense." *See United*

---

[6] The Government maintained that the redacted portion of the email chain was not discoverable and asserted that it was going "above and beyond" in providing the unredacted copy. In any event, the document was produced in unredacted form.

[7] In all fairness, the time considerations were somewhat different when Defendant filed his Motion as he was staring at a January 8, 2019, trial setting. The trial has since been continued to March 19, 2019. *See* Amended Trial Order [175].

*States v. Warshak*, 631 F.3d 266, 297 (6th Cir. 2010).  Such an exercise would create far more problems than it would solve and invites endless disputes over what might be considered *Brady* material.

Considering the additional steps the Government took beyond merely providing Defendant with an open file, the equal access that Defendant and the Government have to the open file, the complexity of this case, and the absence of evidence that the Government used the open file to hide potentially exculpatory evidence or otherwise acted in bad faith, the Court finds that Defendant's Motion should be denied. *See Skilling*, 554 F.3d at 577; *see also United States v. Simpson*, 2011 WL 978235, at *8-9 (N.D. Tex. Mar. 21, 2011); *United States v. Vujanic*, 2014 WL 3868448, at *1-2 (N.D. Tex. Aug. 6, 2014).

IT IS, THEREFORE, ORDERED that Defendant Glenn Doyle Beach, Jr.'s Motion to Compel *Brady* Material [156] is DENIED.[8]

SO ORDERED this the 19th day of December, 2018.

                                                  s/Michael T. Parker
                                                  UNITED STATES MAGISTRATE JUDGE

---

[8] To be clear, the Court's Order does not deny Defendant his right of access to *Brady* material. The Discovery Order [18] plainly directs the Government to produce such material.  Under the circumstances presented, however, the Government will not be required to specifically identify or separate such material.